898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ROGERS CLEANING CONTRACTORS, INC. and its alter ego,
Olmstead Cleaning Contractors, Inc., Respondents,
and
Great Northern Janitorial, Inc., their alter ego, and
Richard Rogers and Debra Rogers, Additional
Respondents in Contempt,
and
Richard Rogers, Julia Rogers and Ginger Rogers, Additional
Respondents.
 No. 86-5057.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1990.
 
 Before WELLFORD and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 CONSENT ORDER
 
 1
 Upon the petition of the National Labor Relations Board ("the Board"), for an order adjudging Great Northern Janitorial, Inc. ("Great Northern") to be the alter ego of Rogers Cleaning Contractors, Inc. ("RCC") and Olmsted Cleaning Contractors, Inc. ("OCC"), adjudging RCC, OCC, Great Northern and their corporate principals, Richard and Debra Rogers, in civil contempt for having failed and refused to comply with the Court's March 16, 1987 judgment, and imposing personal liability for the monetary obligations of RCC, OCC and Great Northern under the Court's March 16, 1987 judgment on RCC's owners, Richard and Julia Rogers; and
 
 
 2
 The Board's petition and the Respondents' answer thereto having been referred to Senior District Court Judge William K. Thomas as Special Master for a hearing and the entry of findings of fact and conclusions of law; and
 
 
 3
 The General Counsel of the Board having filed a motion for summary judgment with the Board requesting its approval of a compliance specification which seeks to establish the amount of union fund contributions and backpay owed by the Respondents under the Court's March 16, 1987 judgment; and
 
 
 4
 The Board and the Respondents being desirous of resolving all pending matters between them, and having negotiated a settlement resolving the pending contempt proceedings and the Respondents' union fund contribution and backpay obligations under the Court's March 16, 1987 judgment, and the Board having concluded that the parties' settlement is an adequate remedy for all of the pending issues between the parties; and
 
 
 5
 The Special Master having reviewed the settlement and having recommended entry of this Consent Order, it is hereby
 
 
 6
 ORDERED that Richard, Julia, Debra and Ginger Rogers, RCC, OCC, and Great Northern (herein collectively referred to as "Respondents"), their officers, agents, supervisors, successors and assigns, and any person acting in concert with them, shall, in full resolution of the pending contempt proceedings and the Respondents' union fund contribution and backpay obligations under the Court's March 16, 1987 judgment, fully comply with all terms of the parties' Settlement Agreement dated December, 1989, which is attached hereto and incorporated herein.
 
 ATTACHMENT
 SETTLEMENT AGREEMENT
 
 7
 Upon the petition of the National Labor Relations Board ("the Board"), for an order adjudging Great Northern Janitorial, Inc. ("Great Northern") to be the alter ego of Rogers Cleaning Contractors, Inc. ("RCC") and Olmsted Cleaning Contractors, Inc. ("OCC"), adjudging RCC, OCC, Great Northern and their corporate principals, Richard and Debra Rogers, in civil contempt for having failed and refused to comply with the Court's March 16, 1987 judgment, and imposing personal liability for the monetary obligations of RCC, OCC and Great Northern under the Court's March 16, 1987 judgment on RCC's owners, Richard and Julia Rogers; and
 
 
 8
 The Board's petition and the Respondents' answer thereto having been referred to Senior District Court Judge William K. Thomas as Special Master for a hearing and the entry of findings of fact and conclusions of law; and
 
 
 9
 The Board's General Counsel having filed a motion for summary judgment with the Board requesting its approval of a compliance specification which seeks to establish the amount of union fund contributions and backpay owed by the Respondents under the Court's March 16, 1987 judgment; and
 
 
 10
 The Board and the Respondents being desirous of resolving all pending matters between them, have agreed upon the terms of a negotiated settlement fully resolving the pending contempt proceedings and the Respondents' union fund contribution and backpay obligations under the Court's March 16, 1987 judgment, as follows:
 
 
 11
 1. The Respondents agree to pay the Board, on or before November 13, 1989, $40,000 to be applied toward the union fund contributions and backpay amounts owed under the Court's March 16, 1987 judgment.
 
 
 12
 2. The Respondents agree that Great Northern shall permanently cease doing business by January 1, 1990.
 
 
 13
 3. The Respondents agree that should the Board establish, through appropriate proceedings, that Richard, Julia, Debra or Ginger Rogers have participated in the creation of an alter ego to RCC, OCC or Great Northern at any time after execution of this Settlement Agreement, their conduct shall be deemed to be in contempt of the Court's March 16, 1987 judgment. The Respondents further agree that the prospective contempt fines for participating in the creation of such an alter ego is $5,000, which shall be imposed on each of the above individual Respondents who so participates.
 
 
 14
 4. The Respondents agreee that, beginning on January 1, 1990 and continuing thereafter for three years, neither Richard, Julia, Debra nor Ginger Rogers shall directly or indirectly lend, advance or make a gift of money or property to finance or otherwise aid in the start-up or continuance of any venture of any children of Richard and Julia Rogers, or the spouse of any such children, which venture is in the cleaning business. The Respondents further agree that, during the aforementioned time period, neither Richard, Julia nor Debra Rogers may be employed by or provide any services to any such venture.
 
 
 15
 5. The Board and the Respondents agree that they will execute the attached joint motion to be submitted to the Special Master, requesting that he recommend approval of the Settlement Agreement to the Sixth Circuit and that it enter the proposed Consent Order in full disposition of the pending contempt proceedings and the Respondents' union fund contribution and backpay obligations under the Court's March 16, 1987 judgment.
 
 December, 1989
 NATIONAL LABOR RELATIONS BOARD
 
 16
 ??William Wachter
 
 Assistant General Counsel
 Contempt Litigation Branch
 
 17
 ROGERS CLEANING CONTRACTORS, INC.
 
 
 18
 OLMSTED CLEANING CONTRACTORS, INC.
 
 
 19
 GREAT NORTHERN JANITORIAL, INC.
 
 RICHARD ROGERS
 JULIA ROGERS
 DEBRA ROGERS
 GINGER ROGERS
 Approved as to Form
 David G. Davies, Counsel for Respondents